IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RYAN, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> U.S. DEPARTMENT OF THE INTERIOR AND THE OFFICE OF INSPECTOR GENERAL OF THE U.S. DEPARTMENT OF THE INTERIOR, <br><br> Defendants. | § § § § § § § § § § § § § § § CASE NO. 4:19-cv-2003 <br><br> JUDGE _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Ryan, LLC ("Ryan") files this Complaint for Declaratory and Injunctive Relief against the U.S. Department of the Interior ("DOI") and the Office of Inspector General of the U.S. Department of the Interior ("DOI OIG") as follows.

### I.   NATURE OF ACTION

2. Ryan brings this "reverse FOIA" action pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Trade Secrets Act, 18 U.S.C. § 1905, to prevent the disclosure of confidential and commercially sensitive documents and information contained in a DOI OIG investigative file (the "Investigative File") related to Ryan's provision of accounting and tax consulting services to certain of Ryan's clients in the oil and gas industry (the "Protected Information"). Ryan voluntarily provided the Protected Information to the DOI OIG in 2017 based upon the understanding that the Protected Information was confidential and that it would not be released by the DOI OIG to the public. The Protected Information contains information about both Ryan and its clients.

3. On May 23, 2019, after a series of communications between the parties concerning whether the release of the Protected Information would be proper in response to a FOIA request submitted by a third-party, the DOI OIG informed Ryan in writing of the DOI OIG's decision to disclose certain un-redacted portions of the Investigative File (the "Final Disclosure Decision").[1] On June 3, 2019, the DOI OIG confirmed to Ryan that the disclosure will occur on **Friday, June 7, 2019**.

4. Despite the implementation of some redactions to the Investigative File, certain Protected Information remains un-redacted in the file that will be disclosed in the absence of this Court's intervention. Ryan brings this action seeking declaratory relief and temporary, preliminary, and permanent injunctive relief under the Administrative Procedure Act to set aside the DOI OIG's Final Disclosure Decision as arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.[2] In the alternative, the Court should remand the matter to the DOI OIG for further agency proceedings.

## II.   PARTIES

5. Ryan, LLC is a private, limited liability company headquartered in Dallas, Texas.

6. The U.S. Department of the Interior is an "agency" within the meaning of 5 U.S.C. § 552(f). The DOI has possession and control over the Protected Information as identified in this Complaint.

---

[1] The nature and extent of the communications between Ryan and the DOI OIG are set forth more fully below.

[2] Concurrently with the filing of this Complaint, Ryan filed an Application for Temporary Restraining Order and Preliminary Injunction (the "Application"). Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Application and all attachments thereto are adopted by reference in this Complaint as if fully set forth herein.

7. The Office of Inspector General of the U.S. Department of the Interior is a sub-agency of the Department of the Interior. The DOI OIG has possession and control over the Protected Information as identified in this Complaint.

### III.     JURISDICTION, STANDING, AND VENUE

8. This Court has jurisdiction pursuant to the Administrative Procedure Act, 5 U.S.C. § 702, and pursuant to 28 U.S.C. § 1331, to review the Final Disclosure Decision. This Court also has jurisdiction under 28 U.S.C. § 2201 and 2202 to issue the declaratory relief requested.

9. Ryan is a party "adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. As set forth more fully below, Ryan and its clients will be substantially and irreparably harmed by the public disclosure of the Protected Information.

10. Venue is proper in the Southern District of Texas because Ryan resides in this district with offices in Houston, Texas office. 28 U.S.C. 1391(e). Venue is also proper pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 703.

### IV.     FACTUAL ALLEGATIONS

**A.     About Ryan, LLC**

11. Ryan, an award-winning global tax services and software provider, is the largest firm in the world dedicated exclusively to business taxes. Ryan provides an integrated suite of federal, state, local, and international tax services on a multi-jurisdictional basis, including tax recovery, accounting, consulting, advocacy, compliance, and technology services. With a multidisciplinary team of more than 2,100 professionals and associates, Ryan serves many of the world's most prominent Global 5000 companies. Ryan's expertise extends to a broad array of industries, including the oil and gas industry where, among other services, Ryan's tax professionals assist the firm's clients to obtain tax savings, as well as royalty refunds.

**B.     Statutory and Regulatory Background**

12.     The Freedom of Information Act amended Section 3 of the Administrative Procedure Act in 1966 to allow for increased public access to certain information and documents controlled by the federal government. P.L. 89-487 (July 4, 1966). The Act contains exemptions to disclosure, however, that are designed to help strike an appropriate balance to promote greater informational access while respecting valid privacy concerns.

13.     The information at issue in this case was requested from the DOI OIG pursuant to a FOIA request under 5 U.S.C. § 552. FOIA allows for disclosure of information held by the federal government pursuant to a proper request, but as noted above, it also protects certain types of information from disclosure. 5 U.S.C. § 552(b).

**C.     The FOIA Proceeding**

14.     On or about May 17, 2017, Ryan was contacted by Special Agent Richard Larrabee with the office of the DOI OIG to request a meeting with Ryan to discuss royalty refund claims submitted by Ryan on behalf of certain of its clients holding federal oil and gas leases.

15.     On or about June 15, 2017, Ryan met in person with Special Agent Richard Larrabee and other DOI OIG personnel to answer questions about Ryan's federal royalty refund projects for its clients. During the meeting, Ryan voluntarily answered the DOI OIG's questions and also allowed the DOI OIG to view documents that contained confidential information about both Ryan and its clients. At the outset of the meeting, and again at the conclusion, Ryan and the DOI OIG explicitly discussed and memorialized that the information Ryan provided about its business activities, and the business activities of its clients, was confidential.

16.     As a follow up to the June 15, 2017 meeting, Ryan voluntarily provided the DOI OIG a USB flash drive containing the materials that were viewed during the meeting. In the June 21, 2017 cover letter transmitting the materials to the DOI OIG, Ryan stated:

> Ryan is producing the enclosed USB flash drive containing the materials which the OIG reviewed during that meeting. As mentioned during the meeting, the materials which Ryan is providing contain information protected as confidential under our client engagement agreements. We would respectfully ask that the OIG store, protect, and maintain these materials within the OIG's data and document protection guidelines.

17. At no time did the DOI OIG object to or question the designation of these materials as being confidential.

18. The DOI OIG's inquiry concluded in December 2017 with no adverse finding against Ryan or its clients.

19. On July 24, 2018, a third-party served a FOIA request on the DOI OIG seeking records related to the agency's concluded investigation of the royalty refund claims.

20. On October 4, 2018, the DOI OIG sent a letter to Ryan advising it of the third-party's FOIA request. The letter further advised Ryan that the FOIA request sought the disclosure of the DOI OIG's Investigative File relating to Ryan's business and the royalty refund claims submitted by Ryan on behalf of its clients. The letter noted that a portion of the documents Ryan produced to DOI OIG in response to the subpoena were potentially protectable from disclosure pursuant to FOIA Exemption 4, which prohibits the disclosure of (i) trade secrets, and (ii) commercial or financial information that is obtained from a person and is personal and confidential. Finally, the letter requested that Ryan express its views as to the applicability of Exemption 4 and to identify any other objections Ryan had to the disclosure of the information requested by the third-party.

21. On October 11, 2018, the DOI OIG extended the deadline for Ryan's response to October 25, 2018 in order to provide Ryan sufficient time to review documents in the DOI OIG's Investigative File and to assert any objections to the disclosure of the requested information.

22. On October 25, 2018, Ryan sent the DOI OIG a letter outlining Ryan's objections and arguments in support of exemptions from the disclosure of the requested information.

23. On March 18, 2019, the DOI OIG issued a decision to disclose some of the Protected Information in the DOI OIG's Investigative File (the "Preliminary Disclosure Decision"). The decision also informed Ryan that if it's additional "views are promptly received," they would be considered in OIG's final determination.

24. On March 22, 2019, Ryan's counsel received the DOI OIG's letter and left a voicemail message with Eric Trader, an employee of the DOI OIG.

25. On March 25, 2019, Ryan's counsel emailed Mr. Trader requesting the opportunity to have a further discussion about Ryan's objections to the Preliminary Disclosure Decision.

26. On March 26, 2019, Ryan's counsel emailed Bruce Delaplaine, General Counsel of the DOI OIG, and spoke with Mr. Delaplaine by telephone. Mr. Delaplaine communicated verbally and by email that the DOI OIG would extend Ryan's time to respond to the Preliminary Disclosure Decision to April 5, 2019.

27. On April 4, 2019, Ryan submitted to the DOI OIG its written response to the Preliminary Disclosure Decision setting forth Ryan's objections to the intended disclosure of the Protected Information in the DOI OIG's Investigative File.

28. On May 23, 2019, the DOI OIG provided Ryan with the DOI OIG's Final Disclosure Decision. The DOI OIG advised in this correspondence that, of the 258 pages in its Investigative File, the DOI OIG accepted Ryan's Exemption 4 arguments completely for 204 pages of the file and that, for the remaining 53 pages, the DOI OIG intended to redact some, but not all, of the information that Ryan indicated should be redacted. The DOI OIG further indicated that it had considered Ryan's request for reconsideration of the DOI OIG's decision to imminently

disclose the un-redacted portions of the remaining 53 pages in the DOI OIG's Investigative File. And, while the DOI OIG agreed to accept some of Ryan's arguments to redact additional information from these pages, the DOI OIG declined to accept all of Ryan's proposed redactions. Therefore, the DOI OIG advised Ryan that it intended to disclose the un-redacted portions of the DOI OIG's Investigative File to the third-party "10 business days after delivery of this letter." As a result, Protected Information currently remains un-redacted in the DOI OIG's Investigative File that, absent intervention by this Court, will be disclosed to the third-party on Friday, June 7, 2019.

29. Between May 23, 2019 and June 3, 2019, communications continued between Ryan and the DOI OIG about Ryan's concerns with the intended disclosure of the Protected Information. On June 3, 2019, the DOI OIG advised Ryan that it would redact the names of Ryan's clients from the Investigative File, but no additional redactions (beyond those previously agreed to) would be implemented. The DOI OIG also stated that it would not provide an updated copy of the proposed disclosure – reflecting the additional redactions – and would not extend the deadline to allow Ryan to review the proposed disclosure. Even with the redaction of client names, certain Protected Information remains in the un-redacted portions of the Investigative File that the DOI OIG intends to disclose to the third-party on Friday, June 7, 2019.

30. Despite the best efforts of Ryan and the DOI OIG, the parties were unable to reach an agreement on the final scope of the disclosure of the DOI OIG's Investigative File. As a result, Ryan has no choice but to file this Complaint seeking temporary and preliminary injunctive relief until such time as the Court can conduct a review of the DOI OIG's decision to release the Protected Information, declare that the DOI OIG's decision to disclose the Protected Information was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law, and then to permanently enjoin the DOI OIG from disclosing the Protected Information.

**D.  The DOI OIG's Final Disclosure Decision Is Arbitrary And Capricious, An Abuse Of Discretion, Or Otherwise Not In Accordance With Law.**

31.  The DOI OIG's Final Disclosure Decision that the Protected Information is not exempt from disclosure is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2), for the following reasons: (1) the Protected Information includes sensitive confidential business and commercial information about Ryan and its clients, such as Ryan's accounting strategy and methodology, client business methodologies, and client tax and royalty refund information, which is exempt under FOIA Exemption 4; (2) the Investigative File contains an "inter-agency or intra-agency memorandum" that is not subject to disclosure (3) the disclosure of the Protected Information invades Ryan's privacy (as well as the privacy of its clients) by including unfounded allegations that were not substantiated by the DOI OIG's own investigation; and (4) the plain language in the DOI OIG Investigative File confirms that the agency is still internally deliberating and processing information, and therefore, the materials should be withheld under Exemption 5.

32.  The DOI OIG's intended disclosure of the Protected Information would also violate the Trade Secrets Act ("TSA") because it is unlawful under the TSA for a federal government officer or employee to divulge, publish, disclose, or make known investigative information that relates to trade secrets, processes, operations, style of work, or the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association.

## COUNT I
## Violation Of The Administrative Procedure Act, 5 U.S.C. § 706

33.     Ryan hereby realleges and incorporates by reference paragraphs 1 through 32 of the Complaint as if set forth therein.

34.     Exemption 4 exempts from mandatory disclosure "trade secrets and commercial or financial information [that is] obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4).  The Protected Information falls within this exemption and its disclosure would cause immediate and irreparable harm to Ryan and its clients.

35.     Exemption 5 exempts from disclosure certain agency material if it is an "inter-agency or intra-agency memorandum[ ] or letter[ ] that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The Protected Information falls within this exemption because documents in the Investigative File reference one or more inter-agency meetings (involving DOI, OIG and ONRR) and its disclosure would cause immediate and irreparable harm to Ryan and its clients.

36.     Exemption 7(C) exempts from mandatory disclosure materials compiled for law-enforcement purposes, and where the disclosure of the materials could reasonably be expected to violate the privacy of third parties. Although the names of Ryan's clients would not be revealed if the DOI OIG disclosed the Investigative Files (due to agreed-upon redactions), as noted above, disclosure of the Protected Information would violate the privacy of Ryan and its clients because such a disclosure would (1) reveal ancillary information about Ryan's clients that would nonetheless be sufficient to, in some instances, determine those clients' identities; and (2) include unfounded allegations that were not substantiated by the DOI OIG's own investigation. The Protected Information therefore falls within Exemption 7(C) and its disclosure would cause immediate and irreparable harm to Ryan and its clients.

37. In deciding that the Protected Information is not subject to the foregoing exemptions, the DOI OIG has acted in a manner that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2).

## COUNT II
## Violation Of The Trade Secrets Act, 18 U.S.C. § 1905

38. Ryan hereby realleges and incorporates by reference paragraphs 1 through 37 of the Complaint as if set forth therein.

39. The DOI OIG's decision to disclose Ryan's trade secrets and confidential business information would be in violation of the Trade Secrets Act ("TSA") and forms the basis of a "reverse FOIA" lawsuit because the disclosure would not be "in accordance with law" within the meaning of the Administrative Procedure Act. 5 U.S.C. § 706(2)(A) (1976); *see also Chrysler Corp. v. Brown,* 441 U.S. 281, 318 (1979). The agency's decision would "constitute a serious abuse of agency discretion." *NOW v. Social Security Administration,* 736 F.2d 727, 743 (D.C. Cir. 1984) (Robinson, J. concurring).

40. When Exemption 4 applies – as it does here – to the information in question, then "section 1905 must be considered to ascertain whether the agency is forbidden from disclosing the information." H.R. Rep. No 880, 94th Cong., 2d Sess., pt. 1, at 23, *reprinted in* 1976 U.S. Code Cong. & Ad. News 2183, 2205. The FOIA itself cannot be the "authorization by law" to release exempt information because by its very terms, the FOIA "does not apply" to material encompassed within its exemptions. 5 U.S.C. § 552(b); *see Chrysler*, 441 U.S. at 303-04. For such information, the agency must look elsewhere for the necessary "authorization by law" to remove § 1905's disclosure prohibition. *Cf. Parkridge Hospital, Inc. v. Califano*, 625 F.2d 719 (6th Cir. 1980) *with J.H. Lawrence Co. v. Smith*, 545 F. Supp. 421 (D. Md. 1982).

41. In deciding to publicly disclose the Protected Information, the DOI has acted in a manner that is arbitrary and capricious, and in a manner contrary to law by violating the TSA.

42. The DOI OIG's action will cause Ryan and its clients immediate and irreparable harm if public disclosure is made of its proprietary, non-public information.

## COUNT III
### Request for Declaratory Judgment

43. Ryan hereby realleges and incorporates by reference paragraphs 1 through 42 of the Complaint as if set forth therein.

44. Because disclosure of the Protected Information is exempt from disclosure under FOIA Exemption 4, such disclosure would violate the Trade Secrets Act. Likewise, the Protected Information is exempt from disclosure under FOIA Exemptions 5 and 7(C). Accordingly, the DOI OIG's decision to disclose the Protected Information is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2). Therefore, Ryan requests the Court to declare that:

    (a) The Protected Information is exempted from disclosure under FOIA Exemption 4;

    (b) The Protected Information is exempted from disclosure under FOIA Exemption 5;

    (c) The Protected Information is exempted from disclosure under FOIA Exemption 7(A) and (C); and

    (d) The DOI OIG's decision to disclose the Protected Information was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.

## COUNT IV
### Request For Temporary, Preliminary, And Permanent Injunctive Relief

45.     Ryan hereby realleges and incorporates by reference paragraphs 1 through 44 of the Complaint as if set forth therein.

46.     The Protected Information is exempt from disclosure under FOIA Exemption 4 and the Trade Secrets Act, FOIA Exemptions 5 and 7(C), and the DOI OIG's decision to disclose these materials was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. Therefore, there is substantial likelihood of Ryan's success on its claims. There is likewise a substantial threat that Ryan and its clients will suffer irreparable injury if an injunction is denied. The threatened injury to Ryan and its clients outweighs any prejudice that the issuance of the injunction might cause the DOI OIG. Finally, injunctive relief will not disserve the public interest. Therefore, a restraining order and preliminary injunction should be issued in this case.

47.     The public interest is served by ensuring that Ryan, its clients, and other similarly situated highly competitive businesses that are involved in similar investigations, are not subject to having their confidential information and materials disclosed, and are able to cooperate fully with DOI OIG investigations without fear of such disclosure. Accordingly, the Court should permanently enjoin the DOI OIG from disclosing the Protected Information.

### V.     RELIEF REQUESTED

48.     WHEREFORE, Ryan respectfully requests that judgment be entered against the U.S. Department of the Interior and the Office of Inspector General of the U.S. Department of the Interior, and that this Court:

   a) Set aside the DOI OIG's decision to disclose the Protected Information as arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law;

   b) Declare that the DOI OIG's decision that the Protected does not fall within FOIA Exemptions 4, 5 and 7(C), and are not protected from disclosure by the Trade Secrets

-13-

Act, was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law;

c) Issue a temporary restraining order enjoining the DOI OIG from disclosing the Protected Information;

d) Issue a preliminary injunction enjoining the DOI OIG from disclosing the Protected Information;

e) In the alternative, remand the action to the DOI OIG for further consideration;

f) Issue a permanent injunction barring the DOI OIG from disclosing the Protected Information;

g) Award Plaintiff's costs and reasonable attorney's fees in this action; and

h) Grant such other relief as the Court deems appropriate.

Date: June 4, 2019

                                  Respectfully submitted,

                                  /s/ *Bryan S. Dumesnil*
                                  Bryan Dumesnil
                                  *Attorney-In-Charge*
                                  Texas State Bar No. 00793650
                                  Southern District No. 20999
                                  BRACEWELL LLP
                                  711 Louisiana Street, Suite 2300
                                  Houston, Texas 77002-2781
                                  (713) 221-1520 Telephone
                                  (800) 404-3970 Facsimile
                                  bryan.dumesnil@bracewell.com

Of Counsel:                             Kevin Collins
                                  Texas State Bar No. 24050438
Jason Hutt                              Southern District No. 826855
BRACEWELL LLP                     BRACEWELL LLP
2001 M Street, NW, Suite 900      111 Congress Avenue, Suite 2300
Washington, DC 20036-3389       Austin, Texas 78701-4061
(202) 828-5800 Telephone          (512) 494-3640 Telephone
(800) 404-3970 Facsimile           (800) 404-3970 Facsimile
kevin.collins@bracewell.com       kevin.collins@bracewell.com
jason.hutt@bracewell.com
***Pro Hac Vice Motion to be submitted***   ***Attorneys for Plaintiff Ryan, LLC***